UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COSMO N. CREMALDI and <br> CATHERINE L. CREMALDI, <br>     Plaintiffs <br><br>     v. <br><br> WELLS FARGO HOME MORTGAGE, <br>     Defendant. | Civ. No. 13-11767-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                                    November 2, 2015

    On March 31, 2015, the court issued a Memorandum and Order denying defendant Wells Fargo Home Mortgage's ("Wells Fargo") Motion to Dismiss. In its Motion to Dismiss, the defendant argued that the plaintiffs' claims were preempted by the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §1461, et seq., and its implementing regulations. The court concluded that HOLA preemption did not apply to the plaintiffs' claims because the alleged misconduct by Wells Fargo is not, and never was, regulated by HOLA. The court found that the proper preemption analysis was governed by the National Bank Act ("NBA"), 12 U.S.C. §21, et seq., and its implementing regulations. The court concluded that the NBA did not preempt the plaintiffs' claims and denied the defendant's Motion to Dismiss. The case was referred to Magistrate Judge Jennifer Boal for further proceedings.

    On May 15, 2015, Wells Fargo filed a Motion for Reconsideration. It argues that the court erred in applying NBA

preemption instead of HOLA preemption. It urges the court to reconsider its prior ruling and find that the plaintiffs' claims are preempted by HOLA.

The Motion for Reconsideration is being denied. Even if HOLA governs Wells Fargo's conduct in servicing the plaintiffs' loans, the court finds that the plaintiffs' claims are not preempted. NBA preemption is "similar, although not identical" to HOLA preemption. March 31, 2015 Mem. and Order at 30 (quoting Dixon v. Wells Fargo Bank, N.A., 798 F. Supp. 2d 336, 353 n.7 (D. Mass. 2011)). The main cases relied on by the court in performing the NBA preemption analysis were cases applying HOLA preemption. See id. at 31-33 (citing Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 578 (7th Cir. 2012); In re Ocwen Loan Servicing, LLC Mortg. Servicing Lit., 491 F.3d 639, 644-46 (7th Cir. 2011)). Having independently considered the issue, the court finds that, even if HOLA preemption applies, the plaintiffs' claims are not preempted.

In view of the foregoing, it is hereby ORDERED that:

1. The defendant's Motion for Reconsideration (Docket No. 28) is DENIED.

2. The defendants' Motion for Leave to File Reply Brief to Plaintiff's Opposition to Defendant's Motion for Reconsideration (Docket No. 32) is MOOT.

3. The defendant's Motion to State Deadline to File Answer to First Amended Complaint (Docket No. 31) is ALLOWED. The

Magistrate Judge shall establish a date for the Answer to be filed in connection with addressing other pretrial matters as previously ordered.

                                                  /s/ Mark L. Wolf
                                        UNITED STATES DISTRICT JUDGE